UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WADE PETERSON,

                       Plaintiff,

v.

CAPITAL LINK MANAGEMENT LLC,

                       Defendant.

_____

**DECISION AND ORDER**

23-mc-00023(LJV)(JJM)

In April 2023 plaintiff Wade Peterson obtained a Final Judgment in the United States District Court for the Northern District of Florida against defendant Capital Link Management LLC ("Capital Link") in the amount of $11,320, comprised of $1,000 in statutory damages and $10,320 in fees and costs, which was later registered in this court. [1] Before the court is Peterson's unopposed motion [8], as supplemented [12], to compel compliance with a post-judgment subpoena directed to Jonathan Rinker, the owner of Capital Link, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [4]. For the following reasons, the motion is denied, without prejudice.

**BACKGROUND**

On June 21, 2023, the Final Judgment was registered in this court [1]. Promptly thereafter, subpoenas were served on three of the known owners and managers of Capital Link, including Rinker. *See* Lemberg Affidavit [12], ¶¶5-6. On September 11, 2023 Peterson's counsel spoke to Rinker, who stated that he would produce the requested documents if

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

compelled by a court to do so. *See* id., ¶7.   The initial subpoena was returnable outside of the

District, and the attorney upon whom the subpoena was served stated that he did not represent

Rinker and was not authorized to accept service. *See* September 20-21, 2023 e-mail exchange

[5].  Therefore, Peterson's initial motion to compel compliance with the subpoena directed to

Rinker was denied without prejudice. *See* September 22, 2023 Text Order [5].

       After several attempts to personally serve Rinker at his residence were

unsuccessful, in December 2023 I granted Peterson's motion to serve Rinker with a revised

subpoena by certified mail. *See* Motion for Leave to Serve By Alternative Means [6], ¶¶11-14;

Order [7].  When service of the revised subpoena was completed and no response was received,

Peterson filed his second motion to compel post-judgment discovery. *See* [8]; Lemberg Affidavit

[12], ¶¶15-17.

       A briefing schedule was set on that motion (*see* April 1, 2024 Text Order [9]) and

served upon Rinker (*see* Notice of Service [10]), who did not respond to the motion.  However,

the motion referenced, but did not include, the supporting Affidavit of Sergei Lemberg.

Therefore, I directed Peterson to re-serve Rinker with the motion [8], as supplemented with the

Lemberg Affidavit, and set a new briefing schedule for the motion, which I also directed to be

served upon Rinker by certified mail. *See* May 14, 2024 Text Order [11]. *See also* Notice of

Service [13].  That briefing schedule gave Rinker until June 11, 2024 to respond in writing to the

motion, as supplemented, but to date no response has been received.

       Notwithstanding that Peterson's motion is unopposed, it is still deficient.  The

December 4, 2023 subpoena [8-4] that Peterson seeks to compel Rinker's compliance with does

not attach Exhibit A - the critical document identifying the documents to be produced.[2]

---

[2]     The record contains Exhibit A that was affixed to the earlier subpoena (*see* [2-3] at 4), but there is no confirmation that this same Exhibit was attached to the December 4, 2023 subpoena.

## DISCUSSION

28 U.S.C. §1963 "provides for the registration of judgments entered by other federal courts of the United States". RTM Cap. Partners, Inc. v. Barnes, 2021 WL 5630019, *11 (D. Conn. 2021) "When a judgment is properly registered under § 1963, the registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." Id.

In aid of a plaintiff's efforts to enforce a judgment, "[d]iscovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure". First City, Texas Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002).  The permissible discovery is broad, with the judgment creditor having "the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor". Hindman LLC v. Mihaly, 2023 WL 7735543, *2 (S.D.N.Y. 2023). *See also* Top Jet Enterprises, Ltd. v. Kulowiec, 2022 WL 280459, *4 (S.D.N.Y. 2022) ("[j]udgment creditors are given the freedom to make a broad inquiry and are entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtors assets, wherever located").

Fed. R. Civ. P. ("Rule") 69(a)(2) provides that, "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state for where the court is located".  "Post-judgment discovery includes both deposition and document discovery." Dipippa v. Fulbrook Capital Management, 2019 WL 8331425, *1 (D. Conn. 2019).  Where, as here, "a person subject to a post-judgment subpoena under Rule 45 fails to comply, a judgment

-4-

creditor may move under Rule 37(a), to compel compliance with post-judgment discovery requests and sanctions." Top Jet Enterprises, Ltd., 2022 WL 280459 at *5.

As discussed above, Peterson's motion remains incomplete.  Although post-judgment discovery is broad and the motion is unopposed, I will not compel Rinker to respond to document requests that I have not seen, and that may or may not have been attached to the December 4, 2023 subpoena served on Rinker.

**CONCLUSION**

For these reasons, Peterson's motion to compel [8], as supplemented [12], is denied, without prejudice to renewal.

**SO ORDERED**.

Dated: June 28, 2024

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge