UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WADE PETERSON,

                                Plaintiff,

v.

CAPITAL LINK MANAGEMENT LLC,

                                Defendant.
_____

**DECISION AND ORDER**

23-mc-00023(LJV)(JJM)

        In April 2023, plaintiff Wade Peterson obtained a Final Judgment in the United States District Court for the Northern District of Florida against defendant Capital Link Management LLC ("Capital Link") in the amount of $11,320, comprised of $1,000 in statutory damages and $10,320 in fees and costs, which was later registered in this court.[1]  Before the court is Peterson's third unopposed motion to compel compliance with a post-judgment subpoena directed to Jonathan Rinker [15], the owner of Capital Link, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [4]. For the following reasons, the motion is granted.

## BACKGROUND

        On June 21, 2023, the Final Judgment was registered in this court [1].  Promptly thereafter, subpoenas were served on three of the known owners and managers of Capital Link, including Rinker. *See* Lemberg Affidavit [15-2], ¶56.  On September 11, 2023, Peterson's counsel spoke to Rinker, who stated that he would produce the requested documents if

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

-1-

compelled by a court to do so. *See* id., ¶7.   The initial subpoena was returnable outside of the District, and the attorney upon whom the subpoena was served stated that he did not represent Rinker and was not authorized to accept service. *See* September 20-21, 2023 e-mail exchange [5].  Therefore, Peterson's initial motion to compel compliance with the subpoena directed to Rinker was denied without prejudice. *See* September 22, 2023 Text Order [5].

After several attempts to personally serve Rinker at his residence were unsuccessful, in December 2023, I granted Peterson's motion to serve Rinker with a revised subpoena by certified mail. *See* Motion for Leave to Serve By Alternative Means [6], ¶¶11-14; Order [7].  When service of the revised subpoena was completed and no response was received, Peterson filed his second motion to compel post-judgment discovery. *See* [8]; Lemberg Affidavit [12], ¶¶12-17.

A briefing schedule was set on that motion (*see* April 1, 2024 Text Order [9]) and served upon Rinker (*see* Notice of Service [10]), who did not respond to the motion.  However, the motion referenced, but did not include, the supporting Affidavit of Sergei Lemberg. Therefore, I directed Peterson to re-serve Rinker with the motion [8], as supplemented with the Lemberg Affidavit, and set a new briefing schedule for the motion, which I also directed to be served upon Rinker by certified mail. *See* May 14, 2024 Text Order [11]. *See also* Notice of Service [13].  That briefing schedule gave Rinker until June 11, 2024 to respond in writing to the motion, as supplemented, but no response was received.

Although Peterson's second motion to compel was unopposed, I denied it because failed to include Exhibit A to the December 4, 2023 subpoena [8-4] - the critical document identifying the documents to be produced. *See* June 28, 2024 Decision and Order [14].

Peterson has now filed a third motion seeking to compel Rinker's compliance with the subpoena. I issued a briefing schedule for that motion that required Rinker's response by August 8, 2024. *See* July 18, 2024 Text Order [16]. Despite being served with the motion and briefing schedule by mail, both at Capital Link's place of business and his residence, Rinker has not responded to the motion or otherwise communicated with the court.

**DISCUSSION**

28 U.S.C. §1963 "provides for the registration of judgments entered by other federal courts of the United States". RTM Cap. Partners, Inc. v. Barnes, 2021 WL 5630019, *11 (D. Conn. 2021). "When a judgment is properly registered under § 1963, the registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court." Id.

Fed. R. Civ. P. ("Rule") 69(a)(2) states that "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from *any* person", including non-parties. *See* Huzhou Chuangtai Rongyuan Investment Management Partnership v. Qin, 2024 WL 262741, *2 (S.D.N.Y. 2024) ("[g]enerally speaking, wide-ranging post-judgment discovery is permitted in New York federal and state courts, including asset discovery from third parties"). "Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure". First City, Texas Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002).

Where the information sought in aid of satisfying a judgment is from someone other than the debtor, "the presumption should be in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets". Huzhou Chuangtai Rongyuan Investment Management Partnership, 2024 WL 262741 at *2. *See also* Top Jet

Enterprises, Ltd. v. Kulowiec, 2022 WL 280459, *4 (S.D.N.Y. 2022) ("[j]udgment creditors are given the freedom to make a broad inquiry and are entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtors assets, wherever located"). Consistent with Peterson's ability to trace Capital Link's assets, the subpoena only requests Capital Link's financial information. *See* [15-5] at 6.

"Post-judgment discovery includes both deposition and document discovery." Dipippa v. Fulbrook Capital Management, 2019 WL 8331425, *1 (D. Conn. 2019). When "a person subject to a post-judgment subpoena under Rule 45 fails to comply, a judgment creditor may move under Rule 37(a), to compel compliance with post-judgment discovery requests and sanctions." Top Jet Enterprises, Ltd., 2022 WL 280459 at *5.

The current motion appears to remedy all of the identified defects in the two prior motions to compel. With the above standard in mind, and in the absence of any opposition from Rinker, the motion is granted.

## CONCLUSION

For these reasons, Peterson's motion to compel [15] is granted. Rinker shall fully comply with the December 4, 2023 subpoena by November 8, 2024, failing which Peterson may seek sanctions.

By no later than October 23, 2024, Peterson shall serve a copy of this Decision and Order and another copy of the December 4, 2023 subpoena upon Jonathan Rinker (50 Alcona Avenue, Amherst, New York 14226 and 6292 Melville Circle, Sanborn, NY 14132) via certified mail and promptly file a certificate of service.

**SO ORDERED**.

Dated: October 11, 2024

                                                                                            _/s/Jeremiah J. McCarthy_
                                                                                            JEREMIAH J. MCCARTHY
                                                                                            United States Magistrate Judge