UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WADE PETERSON,

Plaintiff,

v.

CAPITAL LINK MANAGEMENT LLC,

Defendant.

---

**DECISION AND ORDER**

1:23-mc-0023-LJV-JJM

Before the court is plaintiff Wade Peterson's motion [20][1] for an order of civil contempt against Jonathan Rinker for violating this court's October 11, 2024 Decision and Order [18], and for an award of attorney's fees. The motion has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [4].

**BACKGROUND**

The relevant facts are undisputed. On April 21, 2023, the United States District Court for the Northern District of Florida granted Peterson a $11,320 judgment against Capital Link Management ([1] at 2), which he registered in this court on June 21, 2023 (id. at 1). Fed. R. Civ. P. ("Rule") 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person". Accordingly, on or about June 23, 2023 Peterson issued a subpoena to Rinker, a manager/owner of Capital Link Management. Lemberg Affidavit [15-2], ¶5. Rinker stated that he would produce the documents requested if compelled by the court to do so. Id., ¶7.

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

On December 4, 2023 Peterson moved for permission to serve Rinker by alternative means [6], and I granted that motion, authorizing service of the subpoena by certified mail [7]. That same day, Peterson mailed the subpoena [15-5] to Rinker by certified mail, but it was returned to sender on December 26, 2023. Thereafter it was re-mailed to Rinker on January 10 and 17, 2024, but he did not respond to the subpoena. Lemberg Affidavit [15-2], ¶¶12, 14-17.

On July 18, 2024 Peterson moved to compel Rinker to comply with the subpoena [15]. Rinker failed to respond to that motion by the deadline which I had set [16], and I therefore granted the motion, ordering Rinker to "fully comply with [Peterson's] December 4, 2023 subpoena by November 8, 2024, failing which Peterson may seek sanctions". October 11, 2024 Decision and Order [18] at 4. Peterson served that Decision and Order, along with another copy of the subpoena, upon Rinker by certified mail on October 15, 2024 [19].

Given Rinker's ongoing failure to comply with the subpoena or my Decision and Order, Peterson filed the pending motion on January 9, 2025. By Text Order dated January 10, 2025 I set a deadline of January 27, 2025 for Rinker's response. That Text Order was served upon Rinker by certified mail on January 14, 2025 [22, 23], but he again has failed to respond.

## DISCUSSION

"A court may hold a party in civil contempt for failure to comply with a court order if: (1) the order the party failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted to comply in a reasonable manner . . . . The Court is not required to find that the violation of the order was willful." <u>Consumer Financial Protection Bureau v. MacKinnon</u>, 2021 WL 4461695, at *4 (W.D.N.Y. 2021). I find that all three factors have been satisfied.

"To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance". Id. Under the circumstances of this case, I recommend that Judge Vilardo impose the contempt sanction recommended by Peterson to bring about compliance with my order. Id. (recommending "imposition of a monetary sanction of $500 per day, payable to the Court, for every day that [the] individual . . . fails to comply"). In addition to a contempt sanction, Peterson requests an award of reasonable attorney's fees. Peterson's Memorandum of Law [20-1] at 3-4, citing Loc. R. Civ. P. 83.4. That Rule provides that "[r]easonable attorney's fees necessitated by the contempt proceeding may be included as an item of damage".

Since I conclude that Rinker's disobedience of the subpoena and my Decision and Order [18] as discussed herein constitutes civil contempt, pursuant to 28 U.S.C. §636(e)(6)(B)(iii) Rinker is hereby **ORDERED** to appear before District Judge Vilardo in the Niagara Courtroom, 8th floor, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York on Friday, September 11, 2026 at 11:00 a.m. to show cause why he should not be held in civil contempt and why the recommended contempt sanction (including attorney's fees) should not be imposed against him.

Loc. R. Civ. P. 83.4(a) requires that where the alleged contemnor has not appeared by an attorney, service shall be made *personally*, in the manner provided in [Rule] 4 for the service of a summons" (emphasis added). However, Loc. R. Civ. P. 83.9 provides that "[a]ny of the foregoing rules shall, in special cases, be subject to such modification as may be necessary to meet emergencies or to avoid injustice or great hardship". Accordingly, on or before August 27, 2026 Peterson shall mail a copy of this Decision and Order to Rinker by both ordinary and certified mail, and shall attempt personal service upon him on or before September 2, 2026. If

personal service cannot be made despite reasonable efforts, then mail service shall be deemed adequate.

**SO ORDERED.**

Dated: August 24, 2026

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge